UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEREK LIVINGSTON,

                            Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
VLADIMIR TEJERA, POLICE OFFICER HUBERT
VANDWERP, POLICE OFFICER CHRISTIA
SANCHEZ, and POLICE OFFICER MICHAEL
SIMMS,

                            Defendants.
------------------------------------------------------------------X

Civil Action No.  12-CV-7155 (RPP)

**AMENDED COMPLAINT**

Jury Demanded

## **AMENDED COMPLAINT**

**LAW OFFICES OF REGINA L. DARBY**
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, New York 10004
(212) 480-3236

DEREK LIVINGSTON ("Plaintiff"), by his attorneys, The Law Offices of Regina L. Darby, complaining of the Defendants, respectfully alleges as follows:

## Introduction

1. Plaintiff brings this action against the City of New York ("CITY") and individual police officers for damages arising out of a false arrest, physical assault, battery, use of excessive force, and other unconstitutional actions by Defendant Police Officers VLADIMIR TEJERA ("TEJERA"), HUBERT VANDWERP ("VANDWERP"), CHRISTIA SANCHEZ ("SANCHEZ"), and MICHAEL SIMMS ("SIMMS").

## JURISDICTION

2. Plaintiff brings this action against Defendants CITY, TEJERA, VANDWERP, SANCHEZ, and SIMMS to redress the denial of his civil rights, as secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343(a)(3), and 42 U.S.C. § 1983.

4. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state law claims against Defendants for common law violations arising out of the same case or controversy pursuant to 28 U.S.C. § 1367.

5. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.   Plaintiff is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.   Defendant CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.   Defendant CITY operates and governs the New York City Police Department ("NYCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the general municipal law of CITY.

10.   At all times hereinafter mentioned, the individually named Defendants, TEJERA, VANDWERP, SANCHEZ, and SIMMS, were duly sworn police officers employed by NYCPD and were acting under the supervision of NYCPD and according to their official duties, and are sued in both their individual and official capacities.

11.   At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

12.   Each and all of the acts of Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS, alleged herein, were committed by Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS while acting within the scope of their employment with Defendant CITY.

13.   Each and all of the acts of Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS, alleged herein, were done by Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS while acting in furtherance of their employment with Defendant CITY.

## FACTS

14. On or about October 7, 2009, at approximately 6:00 p.m., Plaintiff Derek Livingston was present at or near 1214 Sheridan Avenue, County of Bronx, City and State of New York, to meet a friend.

15. At the aforesaid time and place, Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS approached and immediately grabbed Plaintiff, slamming Plaintiff against the wall and on the floor. Thereafter, Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS assaulted, battered, falsely arrested, and detained Plaintiff.

16. After Plaintiff was detained, Plaintiff was not read his rights by Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS.

17. After Plaintiff was detained, Plaintiff was denied medical care and attention by Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS.

18. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff's civil rights were violated through denial of his physical liberty and through verbal and physical abuse caused by Defendants.

19. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was subjected to embarrassment, physical and psychological pain and suffering, severe bruising, and mental and physical stress and trauma.

20. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff continues to feel physical pain from the injuries caused by Defendant CITY and Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS.

21. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants.

22. Upon information and belief, Defendants TEJERA, VANDWERP, SANCHEZ, and SIMMS acted with actual malice toward Plaintiff, and with willful and wanton indifference to, and deliberate disregard for the statutory and constitutional rights of, the Plaintiff. The actions of these Defendants constitute unreasonable and excessive use of force and denial of liberty without due process of law.

23. Upon information and belief, at all times pertinent, Defendant CITY permitted and tolerated a pattern and practice of unreasonable use of force by police officers of the City of New York.

24. Upon information and belief, Defendant CITY maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable use of force by police officers.

25. The acts, omissions, systematic flaws, policies, and customs of Defendant CITY caused TEJERA, VANDWERP, SANCHEZ, and SIMMS to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against Plaintiff and others in the future.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS**
**(PLAINTIFF'S FOURTH AMENDMENT RIGHT)**

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. The individual Defendants intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these Defendants or others.

28. The individual Defendants intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when these Defendants had no lawful authority to use deadly or non-deadly force against Plaintiff.

29. In beating and employing excessive force against Plaintiff, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

30. The intentional beatings of Plaintiff by the individual Defendants violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

31. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual Defendants are individually liable for violations of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF NEW YORK STATE CONSTITUTION

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33. The individual Defendants intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these Defendants or others.

34. The individual Defendants intentionally beat and used excessive force against Plaintiff, without just cause or provocation, when these Defendants had no lawful authority to use deadly or non-deadly force against Plaintiff.

35. In beating and employing excessive force against Plaintiff, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

36. The intentional beatings of Plaintiff by the individual Defendants violated the rights of Plaintiff as guaranteed by Article IX of the New York State Constitution.

37. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual Defendants are individually liable for violations of Article IX of the New York State Constitution.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS
## (PLAINTIFF'S EIGHTH AMENDMENT RIGHT)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. After Plaintiff was beaten and arrested, the individual Defendants denied Plaintiff access to medical treatment, though Plaintiff had suffered personal injuries to his body and had requested medical treatment.

40. In denying Plaintiff access to medical treatment where Plaintiff both needed and requested such treatment, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

41. The individual Defendants' denying Plaintiff access to medical treatment in the above mentioned circumstance violated the rights of Plaintiff as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

42. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual Defendants are individually liable for violations of 42 U.S.C. § 1983.

## COUNT IV
## COMMON LAW ASSAULT AS TO INDIVIDUAL DEFENDANTS

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. On October 7, 2009, in the County of Bronx, City and State of New York, the individual Defendants, without just cause or provocation, intentionally assaulted Plaintiff by placing him in reasonable apprehension of an imminent harmful or offensive bodily contact.

45. At all times pertinent hereto, Plaintiff did not pose a threat of harm to the Defendants or the general public.

46. The individual Defendants acted jointly and in concert with each other in intentionally assaulting Plaintiff.

47. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

48. As a result of the individual Defendants' intentional assault, Plaintiff suffered serious, painful, and permanent injuries to his mind and body, including, but not limited to the following: abrasions to his face and back; contusions to his face, back and neck; emotional stress; anxiety; and depression.

49. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional assault upon Plaintiff.

## COUNT V
## COMMON LAW ASSAULT AS TO DEFENDANT CITY
## (VIA RESPONDEAT SUPERIOR)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. On October 7, 2009, in the County of Bronx, City and State of New York, the individual Defendants, without just cause or provocation, intentionally assaulted Plaintiff, causing serious personal, physical, and mental injuries.

52. At all times pertinent hereto, the individual Defendants were acting within the scope of their employment as officers of the NYPD, which is and was an agency of the Defendant CITY.

53. Therefore, Defendant CITY is liable to the individual Defendants' for their intentional assault, which was committed within the scope of their employment, upon Plaintiff.

## COUNT VI
## COMMON LAW BATTERY AS TO INDIVIDUAL DEFENDANTS

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. On October 7, 2009, in the County of Bronx, City and State of New York, the individual Defendants, without just cause of provocation, engaged in harmful and offensive bodily contact with Plaintiff.

56. At all times pertinent hereto, Plaintiff did not pose a threat of physical harm, death, or serious bodily harm to the Defendants or the general public.

57. The individual Defendants acted jointly and in concert with each other in intentionally battering Plaintiff.

58. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

59. As a result of the individual Defendants' intentional battery, Plaintiff suffered serious, painful and permanent injuries to his mind and body, including, but not limited to the following: abrasions to his face and back; contusions to his face, back and neck; emotional stress; anxiety; and depression.

60. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional battery upon Plaintiff.

## COUNT VII
## COMMON LAW BATTERY AS TO DEFENDANT CITY
## (VIA RESPONDEAT SUPERIOR)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. On October 7, 2009, in the County of Bronx, City and State of New York, the individual Defendants, without just cause of provocation intentionally battered Plaintiff, causing serious personal, physical, and mental injuries.

63. At all times pertinent hereto, the individual Defendants were acting within the scope of their employment as officers of the NYPD, an agency of the Defendant CITY.

64. Therefore, Defendant CITY is liable for the individual Defendants' intentional battery, which was committed within the scope of their employment, upon Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury, reasonable attorney's fees and the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated: New York, New York
       March 21, 2013

                                              Regina L. Darby (RLD-9288)
                                              LAW OFFICES OF REGINA L. DARBY
                                              Attorneys for Plaintiff
                                              26 Broadway, 3d Floor
                                              New York, New York 10004
                                              (212) 480-3236

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury, reasonable attorney's fees and the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated: New York, New York
      March 21, 2013

_____
Regina L. Darby (RLD-9288)
LAW OFFICES OF REGINA L. DARBY
Attorneys for Plaintiff
26 Broadway, 21st Floor
New York, New York 10004
(212) 480-3236